IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNA LENORA PATTERSON,** : | |
| Plaintiff, : | |
| v. : | |
| : | Civ. No. 14-2745 |
| **CAROLYN W. COLVIN,** : | |
| Acting Commissioner of : | |
| Social Security Administration : | |
| Defendant. : | |

**O R D E R**

Plaintiff Donna Lenora Patterson challenges the denial of her claim for Social Security Insurance Benefits under Title II of the Social Security Act. (Doc. Nos. 3, 9.) Magistrate Judge Strawbridge has recommended that I vacate the Commissioner's decision and remand for further proceedings. (Doc. No. 14.) The Commissioner has objected. (Doc. No. 15.) I will overrule the objections, adopt the Report and Recommendation, and remand for further proceedings consistent with Judge Strawbridge's Report and this Order.

I.    Procedural History

On March 21, 2011, Plaintiff applied for benefits, alleging disability from lumbar degenerative disc disease and osteoarthritis in the left knee beginning in October 2010. (Doc. No. 7, R. at 127-28.)   The Social Security Administration denied the application in May 2011. (Id. at 78-82.)  Plaintiff appealed and, after a hearing in August 2012, the ALJ denied Plaintiff's claim for benefits. (Id. at 16-69.) The Appeals Council denied Plaintiff's request for review, and Plaintiff filed this action. (Id. at 1-18; Doc. No. 3.)  On April 19, 2016, Judge Strawbridge issued his Report and Recommendation. (Doc. No. 14.)

II.   Legal Standards

I must affirm the ALJ's decision if it is supported by substantial evidence.  See 42 U.S.C. §405(g); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).  "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-65 (1988)).

I must review *de novo* each issue addressed by the Magistrate Judge to which a timely and specific objection has been made.  28 U.S.C. § 636(b)(1) (2002); see also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  I may "accept, reject, or modify, in whole or in part, the [Magistrate Judge's] findings and recommendations."  28 U.S.C. § 636(b)(1).  It is also within my discretion to rely on the Magistrate Judge's proposed findings and recommendations.  See United States v. Raddatz, 447 U.S. 667, 676 (1980).

III.   Discussion

The ALJ discredited Plaintiff's testimony regarding pain because she discontinued pain treatment.  (R. at 25.)  Judge Strawbridge determined that this was improper because the ALJ failed to consider any explanation for the discontinuance.  (Doc. No. 14 at 19-24, 26.)  Judge Strawbridge thus concluded: "[t]his defect renders the ALJ's credibility finding unreliable and, as his credibility determination and his understanding of Patterson's 'bona fide limitations' formed the foundation for his RFC determination, his finding that Patterson was not disabled cannot stand."   (Id. at 23.)  The Commissioner responds that the ALJ did not discredit Plaintiff, and that even if the ALJ did so, his final decision was otherwise supported by the entirety of the

record. (Doc. No. 15 at 4-9.) Because I agree with Judge Strawbridge, I will overrule the Commissioner's Objections and adopt the Report and Recommendation.

"[T]he extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of those statements." Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7P, 1996 WL 374186 (S.S.A. July 2, 1996). Although an ALJ may evaluate credibility, he or she may not automatically discredit a claimant based upon lack of treatment. See, e.g., id. at *7 ("[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record."); Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 547-48 (3d Cir. 2003) ("The ALJ also erred in using [Plaintiff's] lack of treatment . . . as a basis for discrediting her credibility regarding her pain and level of function."); Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence.").

Here, the ALJ, in discussing his RFC finding, determined that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are only generally credible." (R. at 25.) In making this determination, the ALJ explicitly relied, *inter alia*, on Plaintiff's failure to continue treatment with a pain specialist:

> The claimant no longer treats with the pain specialist and appears not to have done so since the spring to summer of 2011 (Exhibits 5F and 12F). She admitted to her primary care physician that she saw the orthopedist for knee pain, but never went back. (Exhibits 8F/72).

(Id.) Plaintiff explained to her medical providers, however, that she suspended her pain

treatment because she no longer had health insurance—not because the pain had abated. (See, e.g., R. at 161 ("I have not gone [to the pain specialist] because I do not have medical ins."); R. at 316 ("[P]t is uninsured[,] needs clinic care and specialist care."); R. at 457 ("I know [sic] longer have med. insurance).) Despite stating that he formulated his findings "after careful consideration of the record," the ALJ never addressed whether he credited or even explicitly considered Plaintiff's explanation—i.e., her lack of health insurance—for discontinuing pain treatment. (R. at 25.) The ALJ thus erred by discrediting plaintiff's testimony regarding her pain symptoms without first considering "any explanations that the individual may provide" as to why she discontinued treatment. Social Security Ruling 96–7p, 1996 WL 374186, at *7; see also Kinney v. Comm'r of Soc. Sec., 244 F. App'x 467, 470 (3d Cir. 2007) (remanding where ALJ failed to address evidence that claimant did not pursue more aggressive treatment because of a lack of medical insurance); Plank v. Colvin, 2013 WL 6388486, at *8 (E.D. Pa. Dec. 6, 2013) ("[A]n ALJ should neither penalize nor berate an indigent plaintiff. Upon remand, the ALJ shall reassess Plaintiff's credibility regarding her mental and physical impairments in view of SSR 96–7p.").

The Commissioner nonetheless argues that the ALJ's negative credibility determination was "harmless error" because the ALJ's final decision was otherwise supported by the record, including Plaintiff's history of "being treated conservatively and routinely for pain," and the lack of an opinion from a treating physician. (Doc. No. 15 at 5; R. at 26.) I do not agree.

The evidence presented to the ALJ was mixed; it certainly does not otherwise overwhelmingly show that Plaintiff was not disabled. (See, e.g., R. at 38-40 (Plaintiff Counsel's Opening Statement); Ex. 8F (Report of Certified Registered Nurse Practitioner, indicating that claimant could not complete a full workday); R. 211-21 (occupational therapy treatment

4

records); 379-380 (referral to a pain management specialist); R. 149, 277-85, 449-56 (records indicating that Plaintiff received epidural steroid injections for back pain from October 2010 to November 2011).)  Moreover, Plaintiff's history of conservative treatment might also be attributable to her lack of insurance.  In these circumstances (and especially where, as here, the claimant has a "very long and consistent work history"), the claimant's credibility is always of great significance in RFC determinations. (R. at 45); Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000) ("Although allegations of pain and other subjective symptoms must be consistent with objective medical evidence . . ., the ALJ must still explain why he is rejecting the testimony.") (citations omitted); Diggs v. Colvin, 2015 WL 3477533, at *3 (E.D. Pa. May 29, 2015) ("[I]t is well-established that when a claimant has a lengthy work history of continuous work, his or her testimony is entitled to 'substantial credibility' . . . . The ALJ's errors in assessing Plaintiff's credibility are not harmless . . . . The ALJ's credibility assessment was flawed by his failure to discuss Plaintiff's long work history [and] her lack of insurance.") (citing Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979)).

Because the extent to which the ALJ based his RFC determination on his improper credibility finding is unclear, I cannot conclude that substantial evidence supports his non-disability finding.  See Diggs, 2015 WL 3477533, at *3 (remanding when the RFC determination was "by necessity . . . based in part upon [a] flawed credibility determination"); Altman v. Colvin, 2014 WL 4792444, at *2 (W.D. Pa. Sept. 23, 2014) (remanding where it was "not clear whether the ALJ considered and rejected, or merely ignored, Plaintiff's explanation" for his failure to seek treatment); Sincavage v. Barnhart, 171 F. App'x 924, 927 (3d Cir. 2006); see also Pettigrew v. Colvin, 2014 WL 4792196, at *3 (W.D. Pa. Sept. 24, 2014) ("Courts routinely have remanded cases in which the ALJ's credibility analysis fails to address evidence that a claimant

declined or failed to pursue more aggressive treatment due to lack of medical insurance."). Accordingly, I will remand for further findings consistent with this Order and Judge Strawbridge's Report and Recommendation.

IV. Conclusion

**AND NOW**, this 9th day of June, 2016, upon independent review of Plaintiff's Complaint (Doc. No. 3), Plaintiff's Brief and Statement of Issues and Request for Review (Doc. No. 9), the Commissioner's Response (Doc. No. 10), Plaintiff's Reply (Doc. No. 13), Judge Strawbridge's Report and Recommendation (Doc. No. 14), the Commissioner's Objections (Doc. No. 15), the administrative record (Doc. No. 7), and all related filings, it is hereby **ORDERED** as follows:

1. The Commissioner's Objections are **OVERRULED**. (Doc. No. 15.)
2. The Report and Recommendation is **ADOPTED**. (Doc. No. 14.)
3. The final decision of the Commissioner denying disability benefits to Plaintiff is **VACATED**.
4. The case is **REMANDED** to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and in accordance with the Report and Recommendation.
5. The Clerk of Court shall **CLOSE** this case.

                                                                   **AND IT IS SO ORDERED.**

                                                                  */s/ Paul S. Diamond*
                                                                  _____
                                                                  Paul S. Diamond, J.